IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Orlando Ira Brown, *on behalf of*; International Recovery Services, LLC; International Trade Finance, LLC; Standard Commerce Bank,<br><br>                      Plaintiffs,<br><br>v.<br><br>Synovus Bank; SunTrust Bank,<br><br>                      Defendants. | C/A No. 3:18-1348-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

Orlando Ira Brown filed this Complaint on behalf of the corporate plaintiffs named in the caption. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the Complaint was signed by Orlando Ira Brown, the Clerk of Court listed Brown as a Plaintiff on the docket, and the court conducted a preliminary review of the case in accordance with applicable law.

Based on the preliminary review, it appears Brown is attempting to prosecute this civil action on behalf of the named corporate plaintiffs. However, Brown is not an attorney, and corporations may not proceed in this court without counsel. See Eagle Assocs. v. Bank of Montreal, 926 F.2d, 1305, 1308 (2d Cir. 1991) (collecting cases); see also Ashbaugh v. Corp. of Bolivar, 481 F. App'x 840 (2012). Therefore, the court issued an order on July 9, 2018 directing the named corporate plaintiffs to obtain counsel within thirty days or be terminated as plaintiffs. (ECF No. 9.) The court has not received a response to that order and the deadline to respond has lapsed. Because the corporate plaintiffs have not obtained counsel in this case, the court finds that any claims they are attempting to raise in this matter must be dismissed without prejudice.

PJG

As to Brown, the court finds he should be terminated from the docket as a plaintiff because he appears to be attempting to act as counsel for the named corporations, even though he is not an attorney. Thus, Brown has no standing to bring the claim or claims asserted in the Complaint. See Pye v. United States, 269 F.3d 459, 466 (2001) ("Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States.") (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998)); see also Beck v. McDonald, 848 F.3d 262, 269-70 (4th Cir. 2017) (stating the plaintiff bears the burden of establishing standing).[1]

To the extent Brown seeks to prosecute this case personally, the Complaint should be dismissed as frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted). The Complaint indicates the court's basis for jurisdiction is a claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, but the Complaint contains no facts that would support such a claim. See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare

---

[1] Consequently, the court also recommends Brown's motion for leave to proceed *in forma pauperis* be terminated as moot. (ECF No. 2.)



assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).  No other cognizable legal claim is apparent on the face of the Complaint.  See Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."); see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)).  Thus, even assuming Brown intends to prosecute this action on his own behalf, the Complaint is frivolous and lacks any indication that the court would have subject matter jurisdiction.

Based on the foregoing, the court recommends that the case be dismissed for lack of prosecution and for lack of subject matter jurisdiction.  See Federal Rule of Civil Procedure 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  The court also recommends Brown's motion for leave to proceed *in forma pauperis* be terminated as moot.  (ECF No. 2.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 28, 2018
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).