IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, on behalf of | ) | |
| International Recovery Services, LLC; | ) | C/A No. 3:18-1348-MBS |
| International Trade Finance, LLC; | ) | |
| Standard Commerce Bank, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Synovus Bank; SunTrust Bank, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 17, 2018, Plaintiff Orlando Ira Brown, proceeding pro se and "on behalf of"

Plaintiffs International Recovery Services, LLC; International Trade Finance, LLC; and Standard

Commerce Bank, filed a complaint and request for injunction against Defendants Synovus Bank and

SunTrust Bank. Plaintiff alleges that he was denied business transactions, was issued a trespass

notice not to return to SunTrust Bank, and had a beneficiary account closed by Synovus Bank.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge

reviewed the allegations of the complaint and noted that corporate entities may not proceed without

counsel. On July 9, 2018, the Magistrate Judge issued an order directing the named corporate

Plaintiffs to obtain counsel within thirty days. No action being taken, the Magistrate Judge issued

a Report and Recommendation on August 29, 2018. The Magistrate Judge recommended that any

claims the corporate entities may be attempting to raise in the complaint be dismissed without

prejudice. In addition, the Magistrate Judge determined that Plaintiff Brown should be dismissed

because he appears to be acting as counsel for the corporate entities, but is not an attorney and is without standing to bring any claims on behalf of the corporate entities. In addition, the Magistrate Judge determined that Plaintiff's asserted basis for jurisdiction is the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"); however, the complaint alleges no facts relating to an ADA violation. The Magistrate Judge also determined that Plaintiff Brown's claims, to the extent they are brought in his individual capacity, should be dismissed as frivolous. The Magistrate Judge therefore recommended that the complaint be summarily dismissed for lack of prosecution and lack of subject matter jurisdiction. Plaintiffs filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Ace. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiffs' complaint is summarily dismissed for lack of prosecution and lack of subject matter jurisdiction. Plaintiff Brown's motion

for leave to proceed in forma pauperis (ECF No. 2) is terminated as moot.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 24, 2018